## HAMPTON v. BROOM, OWNER, AND O'CONNOR, CONTRACTOR.

May 7, 1836.

### *Demurrer.*

*Scire facias* on a claim filed under the mechanic's lien law for materials furnished, &c. against A owner, and B contractor. A plea that a previous *scire facias* on the same claim had issued at the suit of the same plaintiff against C, owner, and B, contractor, on which there was a judgment for the defendants, is not a good plea of *former recovery.*

In pleading a *former recovery,* it is essential that it should appear to have been as well for the same cause of action, as between the same parties.

If the lien creditor, under the act of the 28th of March 1808, elects to proceed by *scire facias, the owner* of the building must be made the defendant.

THIS case was argued by *Haly,* for the plaintiff; and *Hopkins,* for the defendant. The facts fully appear in the opinion of the Court, which was delivered by

STROUD, J.—This is a *scire facias* on a claim filed for lumber furnished " to a two story brick building or kitchen, situate in the rear of the house No. 79 South Sixth street," in this city. The *scire facias* was issued to December term 1835. The defendants have filed several pleas in bar, one of which states, " that at the December term 1833 of this court, the said Alexander Hampton issued a *scire facias* upon a claim filed against a certain *Daniel Lowber* as owner, and said Lawrence O'Connor as contractor ; which said claim, and

I.—2 F

the *scire facias* so issued thereon, *is* the same claim, and to recover the same debt or demand as is contained and demanded in the writ of *scire facias* issued in this case ; and such proceedings were thereupon had in the said court in that plea, that afterwards, to wit, on the 27th day of November, A. D. 1835, the said *Daniel Lowber* and Lawrence O'Connor, by the consideration and judgment of the said court, recovered in the said plea against the said Alexander Hampton judgment and their costs and charges, &c. ; whereof the said Alexander Hampton was convicted, as by the said record and proceedings, &c. more fully, &c. appear ; which said judgment still remains in full force and effect, &c.   And this they are ready to verify by the said record :  wherefore they pray judgment, &c."

To this plea the plaintiff has demurred, and the defendants have joined in the demurrer.

In pleading a *former recovery*, it is essential that it should appear to have been not only for the *same cause of action*, but between the *same* parties.   The *former recovery* here pleaded was on a *scire facias* issued by the same plaintiff; but the defendants were *Daniel Lowber* and Lawrence O'Connor.   It is alleged, however, that the *claim* upon which both *scire fa.'s* were founded is *one* and the *same;* and the argument is, that the act of assembly of the 17th of March 1806, which makes a *claim* for materials furnished for a building a *lien* on it, does not require in the claim to be filed the specification of the name of any person as *owner* of the building, or as contractor for its execution, but is satisfied by a description of the building with its proper location.   And this construction is supposed to be fully supported by the decision in Savoy *v.* Jones, 2 *Rawle* 343.   That case decides, that where under a contract with a tenant for life, materials are furnished for the erecting of a building, the lien created thereby binds not merely the interest of the tenant for life, but the remainder in fee.   The ground of this decision is distinctly declared to be, that " the lien arises from the *credit* having been given, *not* to the *owner,* but the *building* ;" " the object of the legislature being to enable the mechanic or material man, to follow his labour or materials into the *building* which is *pledged* for the price, *without regard to the estate of the owner.*"   This doctrine, taken in its widest extent, certainly implies that no obligation exists on the part of the mechanic or material man to look to the title or authority of the person who may choose to erect a building on a lot of ground ; the mere fact of a building having been constructed by the labour and from the ma-

terials of others, conferring for their benefit a lien on the fee simple of the very ground on which the building stands.

But conceding this to be the result of that decision, it leaves untouched the real question involved in the present demurrer. This depends upon the 2d section of the act of the 28th of March 1808, supplementary to the act of the 17th of March 1806, which creates the lien for work and materials done to and furnished for a building. The language of this section is: " in all cases of lien created by this act, or the act to which this is a supplement, &c., the person having a claim filed agreeably to their provisions, may, at his election, proceed to recover it by *personal action*, according to the nature of the demand, against the *debtor*, his executors or administrators, or by *scire facias* against the *debtor* and *owner* of the building, or their executors or administrators; and where the proceeding is by *scire facias*, the writ shall be served in like manner as a summons upon the persons named therein, &c.; and upon the return of service and failure of the defendants to appear, the court shall render judgment as in case of a summons; but if they, or either of them appear, they may plead and make defence, and the like proceedings shall be had as in personal actions for the recovery of debts: *Provided*, that no judgment rendered in any such *scire facias* shall warrant the issuing an execution, except against the building or buildings upon which the lien existed as aforesaid." The terms of this section are plain and positive in requiring, where the lien creditor elects to proceed by *scire facias*, the *owner* of the building to be made a *defendant*; and as the *building only* can be affected by the judgment, he is chiefly if not solely interested in the defence. In the first *scire facias*, the judgment upon which constitutes the *former recovery* which has been pleaded in bar to the present *scire facias*, *Daniel Lowber*, and not *James M. Broom*, had been named in the writ as *owner*, and was accordingly warned as such, appeared, and together with O'Connor took defence. On the trial they proved, as it was competent for both or either of them to do, that *Lowber* was not, and never had been the *owner* of the property affected by the lien; that the only interest he had ever had was that of a *mortgagee*, without an accompanying possession; that before, at the time, and ever since the erection of the building against which the claim had been filed, the title as well as the possession had been in another person. As then the proceedings conform by the directions of the act to the rules which apply " to personal actions for the recovery of

[Hampton v. Broom.　　Clark v. Field.]

debts," a verdict for the defendants was the legitimate consequence of the proof received.　Shirreff *v.* Wilks and others, 1 *East's Rep.* 48. But the judgment recovered, though a complete protection to *Lowber* and O'Connor, cannot avail the present defendants.

Judgment on the demurrer for the plaintiff.